**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

REBA ABRAHAM PEARCE,       )
                                     )
           *Plaintiff,*        )
       v.                     )
                                     )
DEPARTMENT OF THE ARMY,    )
104 Army Pentagon             )
Washington, DC 20310,       )
                                   )
         *Defendant.*      )
                                   )

Case: 1:24-cv-00520
Assigned To : Contreras, Rudolph
Assign. Date : 2/20/2024
Description: FOIA/Privacy Act (I-DECK)

## COMPLAINT FOR DELCARATORY AND INJUNCTIVE RELIEF

Plaintiff, REBA ABRAHAM PEARCE ("Plaintiff"), sues Defendant, DEPARTMENT OF THE ARMY ("Defendant"), to enforce her rights under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to enforce her rights under the Privacy Act, 5 U.S.C. 552a, and to obtain declaratory relief pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201.

### INTRODUCTION

1. Plaintiff submitted two separate requests for records to the Humphreys Engineer Center Support Activity ("HECSA") of the U.S. Army Corps of Engineers ("Army Corp") on about April 8, 2023. Plaintiff is entitled to records responsive to these requests pursuant to FOIA and/or the Privacy Act. Defendant has, nonetheless, refused to provide the requested documents in a form that complies with applicable law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 5 U.S.C.§ 552(a)(4)(B), and 28 U.S.C. § 2201.

1

3. Venue is proper in the District of Columbia pursuant to 5 U.S.C.§552(a)(4)(B) and 5 U.S.C. § 552a(g)(5).

## PARTIES

4. Plaintiff is an individual who resides in St. Augustine, Florida.

5. The Army Corp is a component of Defendant.  Defendant is headquartered in Washington, D.C. and is a component of the Department of Defense.

6. Defendant is obligated to comply with both FOIA and the Privacy Act.

7. Defendant has records responsive to Plaintiff's requests in its possession, custody, and control.

## STATEMENT OF FACTS

8. Plaintiff is an attorney.  The Jacksonville District of the Army Corp terminated Plaintiff's employment on about December 7, 2020, after her return from maternity leave.

9. Plaintiff's supervisor cited Plaintiff's failure to perform work, scheduled to be completed while she was on maternity leave, as a basis for the termination.

10. Plaintiff filed an Equal Economic Opportunity ("EEO") Complaint on or about December 10, 2020, alleging discrimination and retaliation. On or about May 3, 2021, Plaintiff requested that the U.S. Equal Economic Opportunity Commission ("EEOC") appoint an administrative judge to hear her matter. *See Pearce v. U.S. Department of the Army*, EEOC No. 510-2021-00255X.

11. In the EEOC proceedings that followed, Defendant's HECSA attorneys moved for the entry of a protective order.

12. On September 19, 2022, over Plaintiff's objection, the appointed EEOC Administrative Judge ("Administrative Judge") entered the protective order proposed by Defendant ("Protective Order"). *See* Protective Order, dated September 19, 2022, attached as **Exhibit 1**.

13. The Protective Order pertains only to discovery and is limited in scope.[1] *See* **Exhibit 1**, paras. 1, 3, 5, & 9. The Protective Order permits Defendant to designate specified material as "confidential" but does not require the Defendant to do so. *See* **Exhibit 1**, paras. 3, 6, and 9(a). It applies to briefs containing confidential information and permits the Defendant to designate portions of or an entire transcript as confidential. *See* **Exhibit 1**, pp. 1 & 4. However, it expressly exempts public records and permits the use of confidential information in subsequent federal litigation. *See* **Exhibit 1**, para. 3.

14. In November of 2022, Plaintiff deposed seven Army Corp witnesses as part of the EEOC proceedings and obtained transcripts of their testimony at her own expense. *See* Complainant's Second Amended Notice of Depositions, dated Nov. 11, 2022, attached as **Exhibit 2**.

---

[1] Paragraph 3 of the Protective Order provides:

> Documents Which May Be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good-faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, financial information, trade secrets, investigative, personnel records, or such other sensitive government or commercial information that is not publicly available. **Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**

*See* **Exhibit 1**, para. 3 (emphasis added).

15. The deposition testimony revealed egregious misconduct by the Army Corp's attorneys.

16. Following the depositions, Defendant's HECSA counsel designated the entirety of the deposition testimony as "confidential" pursuant to the Administrative Judge's Protective Order and has since refused to narrow its confidentiality designations.

17. In January of 2023, Plaintiff filed a motion for summary judgment in the EEOC proceeding.

18. Apart from the attachments, the briefs and other filings on Plaintiff's summary judgment motion contain little to no information exempt under both the Privacy Act and FOIA.

19. On April 8, 2023, Plaintiff submitted two records requests to HECSA.[2] The Defendant designated these requests as FP-23-014704 and FP-23-014909.

20. The first records request pertains to Plaintiff's summary judgment motion and, in part, states:

> . . . I am seeking the following:
>
> 1. Complainant's motion for summary judgment, filed January 2, 2023;
>
> 2. The Agency's response to Complainant's motion for summary judgment, filed January 24, 2023;
>
> 3. Complainant's reply to the Agency's response, filed February 1, 2023;
>
> 4. The Agency Correction of Exhibit 7 with corrected exhibit, filed February 8, 2023; and

---

[2] Plaintiff's two April 8, 2023 requests cited FOIA, but should have been processed pursuant to both FOIA and the Privacy Act. *See* U.S. Dep't of Justice, Overview of the Privacy Act of 1974, p. 139-141 (2020)("Agencies should process an individuals' access requests for their own records maintained in system of records under both the Privacy Act and the FOIA, regardless of the statute(s) cited.").

5. Complainant's objection to the Symanski [Declaration], filed February 8, 2023.

As to nos, 1-3, this request is made just for the briefs, not the exhibits to the briefs. For nos. 4-5, please include the attachments.

*See* FOIA Request for Filings, attached as **Exhibit 3**.

21. The second records request sought the transcripts for the deposition testimony obtained by Plaintiff in the EEOC proceeding. *See* FOIA Request for Transcripts, attached as **Exhibit 4**.

22. On about April 21, 2023, Plaintiff received a letter from Defendant's HECSA office indicating that it had "received and reviewed the requested information and [that Defendant was] withholding the documents in their entirety pursuant to the protective order in place for *Pearce v. Department of the Army*, EEOC No.510-2021-00255X . . . ." *See* Denial Letter from Emily Green, attached as **Exhibit 5**. In support of its wholesale withholding of the requested documents, Defendant also cited FOIA exemption 6 ("personnel and medical files and similar files"), FOIA exemption 7 ("records or information compiled for law enforcement purposes"). *See* 5 U.S.C. § 552(b).

23. On or about May 28, 2023, Plaintiff submitted an administrative appeal as to the records requests. In that appeal, Plaintiff expressly requested that Defendant produce the requested documents pursuant to both FOIA and the Privacy Act. *See* FOIA Appeal, dated May 28, 2023, attached as **Exhibit 6**, p. 1; *see also* U.S. Dep't of Justice, Overview of the Privacy Act of 1974, p. 139-141 (2020)("[A]gencies should process an individual's access request under both statutes – which includes processing the request through any administrative appeal . . . .").

24. Further, Plaintiff communicated to Defendant's counsel, Steven Foster, that the Army Corp's Office of Chief Counsel should consider conflicting itself out of handling the appeal.

25. On February 6, 2024, Defendant, through its Chief Counsel for the Army Corp, issued Plaintiff a letter denying her appeal. *See* Denial Letter from David Cooper, dated February 6, 2024, attached as **Exhibit 7**. In the denial letter, Defendant indicated that all responsive records remained subject to the Administrative Judge's Protective Order and that it had properly "redacted the records in full pursuant to Exemptions 6, 7(C), and 7(D)." *See* **Exhibit 7**, p.1 (underline added). In a footnote, the denial letter further stated that, "because this is an appellate review of a FOIA redaction determination, I do not address any of the Privacy Act concerns in the foregoing analysis." *See* **Exhibit 7**, footnote 2.

26. The Agency has withheld responsive document(s) which do not fall within the scope of the Protective Order and/or which do not materially concern anyone other than Plaintiff.

27. The Protective Order does not permit Defendant to lawfully withhold the requested documents. *See* Department of Justice's FOIA Update, Vol. XIII, No. 3 (January 1, 1992)("FOIA Counselor: Questions & Answers")("[A] 'protective order' . . . issued by an administrative law judge (ALJ) in a federal agency's administrative proceedings does not prohibit the agency from disclosing records under the FOIA[,] . . . because, fundamentally, the authority of an ALJ is subordinate to that of the agency and the exercise of that authority is ultimately subject to the agency's control.").

28. Further, the Defendant will not be able to demonstrate that, in this case, where witness names have already been disclosed to Plaintiff, that the witnesses minimal "privacy interest at stake outweighs the public interest in disclosure." *See Fortson v. Harvey*, 407 F. Supp. 2d 13, 17–18 (D.D.C. 2005) (Indicating that "witness statements made during a discrimination investigation are not the type of information that exemption 6 is designed to protect.").

6

29. Additionally, the deposition testimony at issue was not secured by Defendant for any law enforcement purpose. Rather, Plaintiff took the deposition testimony, at her own expense, in a proceeding against Defendant for the violation of her civil rights.

30. Also, Defendant has not made any discretionary disclosures pursuant to either FOIA or the Privacy Act. It has only provided Plaintiff information pursuant to the Protective Order. *See* Email from Catharine DeBelle, dated April 21, 2023, attached as **Exhibit 8**.

31. There is no provision in either the Privacy Act or FOIA which permits disclosure subject to any protective order. *See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004)("There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination.").

32. The Agency has unlawfully failed to "take reasonable steps necessary to segregate and release nonexempt information" in response to Plaintiff's records requests. 5 U.S.C. § 552(a)(8); *see also* 5 U.S.C. § 552(b)("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.").

33. Finally, the communications between the parties suggest that Defendant artificially narrowed the scope of its appellate examination to "review of a FOIA redaction" to circumvent complying with its obligations under the Privacy Act. *See* **Exhibits 6 & 7**; *see also* Follow-Up Email Communications with Steven Foster, attached as **Exhibit 9**.

**COUNT I**
(Violation of Freedom of Information Act; Wrongful Withholding of Records)

34. Plaintiff incorporates by reference the allegations in paragraphs 1 through 33 as if fully set forth herein and further states:

35. Plaintiff has submitted two records requests pursuant to FOIA.

7

36. Defendant is obligated, pursuant to 5 U.S.C. § 552(a)(3)(A), to promptly produce records responsive to Plaintiff's requests.

37. Defendant's obligations under FOIA are not subject to the Administrative Judge's Protective Order.

38. Defendant has not, pursuant to FOIA, produced properly redacted records in response to Plaintiff's records requests.

39. Defendant is wrongly withholding records by failing to properly segregate and produce non-exempt records and non-exempt portions of records responsive to Plaintiff's records requests.

40. Plaintiff has a legal right to obtain such records pursuant to FOIA, and no legal basis exists for Defendants' failure to disclose them in the form requested.

41. Defendant's failure to disclose all responsive, non-exempt portions of the requested records violates Defendant's statutory obligations under FOIA to make requested records promptly available to the public. *See* 5 U.S.C. § 552(a).

WHEREFORE, Plaintiff respectfully requests that that this Court:

A. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

B. Declare that Defendant violated FOIA by producing responsive documents in either a wholly redacted form or subject to the Administrative Judge's Protective Order;

C. Order Defendant to, within 20 days, properly segregate and produce non-exempt records and non-exempt portions of records responsive to Plaintiff's FOIA requests;

D. Order Defendant to file, within 20 days of the date of the Court's Order in this matter, a Vaughn index, i.e. an affidavit: 1) identifying each document withheld from disclosure; 2) stating Defendant's claimed statutory exemption as to each withheld

8

document (or portion of a document); and 3) explaining why each withheld document is exempt from disclosure;

E. Enjoin Defendant from, in the future, producing responses to FOIA requests subject to any administrative protective order;

F. Award Plaintiff her costs and any attorney fees she incurs; and

G. Grant such other relief as the Court may deem just and proper.

## COUNT II
(Violation of Freedom of Privacy Act; Wrongful Withholding of Records)

42. Plaintiff incorporates by reference the allegations in paragraphs 1 through 33 as if fully set forth herein, and further states:

43. Defendants are obligated, pursuant to 5 U.S.C. § 552a(d)(1) of the Privacy Act, to produce records responsive to the Plaintiff's records requests.

44. Defendant's obligations under the Privacy Act are not subject to the Administrative Judge's Protective Order.

45. Defendant has not provided Plaintiff with access and copies of records or information pertaining to her pursuant to the Privacy Act.

46. Specifically, Defendants are wrongly withholding responsive records by failing to properly segregate and produce non-exempt records and non-exempt portions of records responsive to Plaintiff's records requests.

47. No legal basis exists for Defendants' failure to disclose responsive records in the form requested.

48. Defendant's failure to disclose all responsive, non-exempt portions of the requested records violates Defendant's Privacy Act obligations.

9

WHEREFORE, Plaintiff respectfully requests that that this Court:

A.  Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with the Privacy Act and every order of this Court;

B.  Declare that Defendant violated the Privacy Act by producing responsive documents in either a wholly redacted form or subject to the Administrative Judge's Protective Order;

C.  Order Defendant to, within 20 days, properly segregate and produce non-exempt records and non-exempt portions of records responsive to Plaintiff's Privacy Act request;

D.  Order Defendant to file, within 20 days of the date of the Court's Order in this matter, a Vaughn index, i.e. an affidavit: 1) identifying each document withheld from disclosure; 2) stating defendant's claimed statutory exemption as to each withheld document (or portion of a document); and 3) explaining why each withheld document is exempt from disclosure;

E.  Enjoin Defendant from, in the future, producing responses to Privacy Act requests subject to any administrative protective order;

F.  Award Plaintiff her costs and any attorney fees she incurs; and

G.  Grant such other relief as the Court may deem just and proper.

## COUNT III
(Action for Declaratory Judgment)

49.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 33 as if fully set forth herein, and further states:

50.  An actual controversy exists between the parties regarding whether the Administrative Judge's Protective Order applies to the whole of the documents requested by Plaintiff.

10

51. An actual controversy exists between the parties, regarding what portion of the requested records Plaintiff may retain and disclose to third parties.

52. An actual controversy exists between the parties regarding the extent to which Defendant must produce to Plaintiff the requested records pursuant to FOIA.

53. An actual controversy exists between the parties regarding the extent to which Defendant must produce to Plaintiff the requested records pursuant to the Privacy Act.

54. An actual controversy exists as to whether Defendant satisfied its obligations to Plaintiff under FOIA and the Privacy Act by producing responsive records in a wholly redacted form or, alternatively, subject to the Administrative Judge's Protective Order.

WHEREFORE, Plaintiff requests that this Court enter a judgment declaring the rights and other relations of the parties on the matters alleged; providing injunctive relief consistent with the rights of the parties; enjoining Defendant from, in the future, producing responses to FOIA and Privacy Act requests subject any administrative protective order; awarding Plaintiff costs; and granting such other relief as this Court may deem just and proper.

Dated: February 16, 2024.

Respectfully submitted.

Reba Abraham Pearce

E-Mail:Reba.Abraham@gmail.com
RebaAbrahamPearce@gmail.com

*Pro Se Plaintiff*

11