**EXHIBIT 1**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

| | |
|---|---|
| **Reba Pearce,**<br>    Complainant,<br><br>    v.<br><br>**Christine Wormuth,**<br>Secretary,<br>U.S. Department of the Army,<br>    Agency. | EEOC No.: 510-2021-00255X<br>AGENCY No.: ARCEJACK21NOV00066<br><br><br>Administrative Judge Mary Jo Mosca<br><br><br>Date:  September 19, 2022 |

## PROTECTIVE ORDER

1.    Scope.  All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

2.    Form and Timing of Designation.  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document.

3.    Documents Which May Be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good-faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, financial information, trade secrets, investigative, personnel records, or such other sensitive government or commercial information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4.    Depositions.  Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such.  A party may designate portions or any entire transcript at any time before, during, or after a deposition.

5.    Protection of Confidential Material.

(a)    General Protections.  Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and hearing in this action, including any appeal thereof and any subsequent litigation in federal court of the same claims raised in the above-captioned complaint.

(b)    Limited Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

(1)    Counsel.  Counsel for the parties and employees and agents of Counsel who have responsibility for the preparation, litigation, and trial of the action;

(2)    Parties.  Parties and employees of a party to this Order whose assistance is reasonably necessary to the conduct of the litigation and who agree to be found by the terms of the order;

(3)    Court Reporters and Recorders.  Court reporters and recorders engaged for depositions, hearing, or trial;

(4)    Consultants, Investigators and Experts.  Consultants, investigators or experts (hereinafter referred to collectively "experts") employed by the parties or counsel for the parties to assist in the litigation, preparation, and trial of this action or proceeding;

(5)    Witnesses.  Witnesses at deposition, hearing, trial or other official proceeding; and,

(6)    Others by Consent.  Other persons only by written consent of the producing party or upon order of the Equal Employment Opportunity Commission (EEOC or Commission) and on such conditions as may be agreed or ordered.

(c)    Control of Documents.  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.

(d)    Copies.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the

2

text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e)     Inadvertent Production. Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by the inadvertent disclosure provisions in Fed.R.Evid. 502.

6.     Challenges by a Party to Designation as Confidential. Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party. Before filing any motions or objections to a confidentiality designation with the EEOC, the objecting party shall have an obligation to meet and confer in good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

7.     Action by the EEOC. Applications to the EEOC for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the EEOC's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or during hearing or trial.

8.     Use of Confidential Documents or Information at Hearing. Absent order of the EEOC, there will be no restrictions on the use of any document that may be introduced by either party. The EEOC or Court may thereafter make such orders as are necessary to govern the use of such documents or information during hearing or trial.

9.     Obligations on Conclusion of Litigation

(a)     Order Remains in Effect. Unless otherwise agrees or ordered, this Order shall remain in force after dismissal with prejudice or entry of final judgment not subject to further appeal.

(b)     Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents. Within a reasonable period after dismissal or entry of final judgment not subject to further appeal or litigation, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies defined in Paragraph 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. "Reasonable period" includes any retention time necessary due to records retention requirements. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work produced does not duplicate verbatim substantial portions of the text or images of confidential documents. This

3

work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents. Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents shall be kept in the possession of a private litigant's counsel, or in the possession of a government entity, and shall not in the future be disclosed contrary to the provisions of this Protective Order. To the extent that the requirements of this Order conflict with the District of Columbia Rules of Professional Conduct, the Texas Rules of Professional Conduct, the Florida Rules of Professional Conduct, or the California Attorneys' Rules of Professional Conduct, the rules govern.

(c)     Order Subject to Modification. This Order shall be subject to modification by the EEOC on its own motion or on motion of a party or any other person with standing concerning the subject matter.

(d)     Persons Bound. This Order shall take effect when entered and shall be binding upon all individuals, counsel and their law offices and firms, the parties, and persons made subject to this Order by its terms.

(e)     Limitations of this Order. Nothing in this Order shall be construed to prohibit the disclosure of materials covered by this Order to a Federal government agency with a legitimate need for the materials, not shall anything in this Order render inapplicable any statutory or regulatory limitations on such disclosure that may otherwise exist.

Mjm

MaryJo A. Mosca
Adm. Judge

**EXHIBIT 2**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**EEOC Miami District Office**
**100 SE 2nd Street**
**Miami, Florida 33131**
**305-808-1740**

| | |
|---|---|
| **Reba Pearce,** | ) |
| *Complainant,* | ) EEOC No. 510-2021-00255X |
| | ) AGENCY No.: ARCEJACK21NOV00066 |
| v. | ) |
| | ) |
| **Christine Wormuth**, Secretary | ) |
| U.S. Department of the Army | ) Administrative Judge Mary Jo Mosca |
| *Agency.* | ) |
| | ) Date: November 11, 2022 |

## COMPLAINANT'S SECOND AMENDED NOTICE OF DEPOSITIONS

PLEASE TAKE NOTICE THAT the Complainant, Reba Pearce, pursuant to Federal Rule of Civil Procedure 30, will take the depositions by oral examination of the following individuals at the dates, times, and locations specified below:

| Deponent | Date/Time | Location |
|---|---|---|
| Elizabeth Moseley | November 15, 2022 (Tuesday) 10:00am EST | Remote Teleconferencing (Link and/or credentials to be provided) |
| Brooks Moore | November 16, 2022 (Wednesday) 9:00am EST | Remote Teleconferencing (Link and/or credentials to be provided) |
| Elizabeth Vavrica | November 16, 2022 (Wednesday) 2:00pm EST | Remote Teleconferencing (Link and/or credentials to be provided) |
| Jorge Martinez | November 18, 2022 (Friday) 9:00am EST | Remote Teleconferencing (Link and/or credentials to be provided) |
| Neil Purcell | November 18, 2022 (Friday) 1:00pm EST | Remote Teleconferencing (Link and/or credentials to be provided) |
| LTC Joseph Sahl | November 21, 2022 (Monday) 10:00am EST | Remote Teleconferencing (Link and/or credentials to be provided) |

1

| Christopher Lambert | November 21, 2022 (Monday) 1:00pm EST | Remote Teleconferencing (Link and/or credentials to be provided) |
|---|---|---|
| Jason Chester | TBD | TBD |
| Andrew Kelly | TBD | TBD |
| Carolyn Fox | TBD | TBD |
| Mary Hightower | TBD | TBD |
| Anthony Lee | TBD | TBD |
| Josh Holmes | TBD | TBD |

All depositions are now being noticed to be taken remotely because of the Agency's objection to producing its witnesses at the selected court reporter's office. However, if the Agency is unable to produce its witnesses remotely via the links provided by Deponent's Court Reporter or another agreed method, it must produce its witnesses at Precise Reporting Services, Inc., 820 A1A North, Suite W14, Ponte Vedra Beach, FL 32082 and provide advanced notice of its intention to do the same.

These depositions will be taken by stenographic means before an officer duly authorized by law to administer oaths and will continue from day to day until completed. The depositions are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for other such purposes as are permitted under the applicable and governing rules and regulations.

Further, please note the witness will be required to provide government-issued identification satisfactory to the court reporter at the time of his or her deposition. If the deposition is being taken remotely, this identification must be legible on camera.

/s/ **Reba Abraham Pearce**
Reba Abraham Pearce, Esq.
Pro Se Complainant

Reba.Abraham@gmail.com
(
Florida Bar No. 0027369

2

### Certificate of Service

On November 11, 2022, I caused to be delivered to the below-named parties or their representatives by the method indicated, a true copy of the attached instrument.

Tracey Z. Taylor
Agency Counsel
U.S. Department of the Army
tracey.z.taylor@usace.army.mil
Via e-mail

Catharine Debelle
Assistant Center Counsel
U.S. Department of the Army
Office: (703) 428-6479
Catharine.S.Debelle@usace.army.mil
Via e-mail

/s/ **Reba Abraham Pearce**
Reba Abraham Pearce
Complainant

3

**EXHIBIT 3**

Reba Abraham Pearce
705 Corrigan Drive
St. Augustine, FL 32092
(407) 765-1015
Reba.Abraham@gmail.com

April 8, 2023

*Sent via e-mail to cehec-za@usace.army.mil*

ATTN: FOIA OFFICER
U.S. Army Corps of Engineers
7701 Telegraph Road
Alexandria, VA 22315

Dear FOIA Officer:

This is a request under the Freedom of Information Act (5 U.S.C. § 552).

This is in reference to *Pearce v. Department of the Army*, EEOC No.510-2021-00255X (Agency No. ARCEJACK21NOV00066. As to this file, I am seeking the following:

1. Complainant's motion for summary judgment, filed January 2, 2023;
2. The Agency's response to Complainant's motion for summary judgment, filed January 24, 2023;
3. Complainant's reply to the Agency's response, filed February 1, 2023;
4. The Agency Correction of Exhibit 7 with corrected exhibit, filed February 8, 2023; and
5. Complainant's objection to the Symanski objection, filed February 8, 2023.

**As to nos, 1-3, this request is made just for the briefs, not the exhibits to the briefs.  For nos. 4-5, please include the attachments.**

In order to help you determine my status for the purpose of assessing fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I am willing to pay the appropriate fees for this request up to a maximum of $100. If you estimate that the fees will exceed this limit, please contact me for authorization and/or to narrow the scope of my request.

My telephone number and e-mail are in my signature block.  Please do not hesitate to contact me to discuss any aspect of my request.

Respectfully,

/s/ Reba Abraham Pearce

Reba.Abraham@gmail.com

**EXHIBIT 4**

Reba Abraham Pearce
705 Corrigan Drive
St. Augustine, FL 32092
(407) 765-1015
Reba.Abraham@gmail.com

April 8, 2023

*Sent via e-mail to cehec-za@usace.army.mil*

ATTN: FOIA OFFICER
U.S. Army Corps of Engineers
7701 Telegraph Road
Alexandria, VA 22315

Dear FOIA Officer:

This is a request under the Freedom of Information Act (5 U.S.C. § 552).

This is in reference to *Pearce v. Department of the Army*, EEOC No.510-2021-00255X (Agency No. ARCEJACK21NOV00066. As to this file, I seeking deposition transcripts for the following deponents:

1. Elizabeth S. Moseley
2. Elizabeth O. Vavrica (both day and night portion)
3. Neil Purcell
4. Christopher Lambert
5. Jorge Martinez
6. Brooks Moore
7. LTC Joseph Sahl

In order to help you determine my status for the purpose of assessing fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I am willing to pay the appropriate fees for this request up to a maximum of $100. If you estimate that the fees will exceed this limit, please contact me for authorization and/or to narrow the scope of my request.

My telephone number and e-mail are in my signature block. Please do not hesitate to contact me to discuss any aspect of my request.

Respectfully,

/s/ Reba Abraham Pearce

Reba.Abraham@gmail.com

**EXHIBIT 5**



**DEPARTMENT OF THE ARMY**
U.S. ARMY CORPS OF ENGINEERS
HUMPHREYS ENGINEER CENTER SUPPORT ACTIVITY
7701 TELEGRAPH ROAD
ALEXANDRIA, VIRGINIA 22315-3860

April 21, 2023

Office of Counsel

Via E-Mail: reba.abraham@gmail.com

Reba Abraham Pearce
705 Corrigan Drive
St. Augustine, FL 32092

Dear Ms. Pearce,

This is in response to your Freedom of Information Act (FOIA) requests, dated April 8, 2023, in which you sought: "(1) Complainant's motion for summary judgment, filed January 2, 2023; (2) The Agency's response to Complainant's motion for summary judgment, filed January 24, 2023; (3) Complainant's reply to the Agency's response, filed February 1, 2023; (4) The Agency Correction of Exhibit 7 with corrected exhibit, filed February 8, 2023; and (5) Complainant's objection to the Symanski objection, filed February 8, 2023. You also sought the deposition transcripts for the following deponents: (a) Elizabeth S. Moseley; (b) Elizabeth O. Vavrica (both day and night portion); (c) Neil Purcell; (d) Christopher Lambert; (e) Jorge Martinez; (f) Brooks Moore; and (g) LTC Joseph Sahl." Your requests were assigned tracking numbers FP-23-014704 and FP-23-014909.

I have received and reviewed the requested information and I am withholding the documents in their entirety pursuant to the protective order in place for *Pearce v. Department of the Army*, EEOC No.510-2021-00255X (Agency No. ARCEJACK21NOV00066. On September 19, 2022, Judge MaryJo A. Mosca issued a protective order for "[a]ll documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order.... Documents designated CONFIDENTIAL – SUBJECT - TO - PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and hearing in this action, including any appeal thereof and any subsequent litigation in federal court of the same claims raised in the above-captioned complaint. Unless otherwise agrees or ordered, this Order shall remain in force after dismissal with prejudice or entry of final judgment not subject to further appeal." The documents that you requested are subject to this protective order.

An agency has no discretion to release any record covered by an injunction, protective order, or court seal prohibiting disclosure, nor is it under any obligation under the FOIA to do so. See *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 386-87 (1980) (records subject to nondisclosure order not "improperly withheld" under FOIA). Furthermore, we are withholding these documents under Exemption 6 and 7.

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 covers personal information, such as names, addresses, identifying information concerning

individuals, including complainants and witnesses, who were involved in adjudications of discrimination complaints. *Wadhwa v. Sec'y. U.S. Dep't. of Veterans Affairs,* 707 F. App'x 61, 64 (3d Cir. 2017).

Exemption 7(C) precludes the disclosure of information gathered for law enforcement purposes where to do so "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *FLRA v. US. Dept. of Veterans Affairs,* 958 F.2d 503, 508 (2nd Cir. 1992). Exemption 7(C) will apply, "if the investigation is for a possible violation of law, then the inquiry is for law enforcement purposes, as distinct from customary surveillance of the performance of duties by government employees." *Jefferson v. Dep't. of Justice, Office of Professional Responsibility,* 284 F.3d 172, 177 (D.C.Cir.2002); see also *Davin v. FBI,* 60 F.3d 1043, 1054 n. 3 (3d Cir.1995) (noting that agency investigations of civil rights violations could be "for law enforcement purposes"). Exemption 7(D) applies in both criminal and civil investigations such as conducted those by the EEOC. *Martinez v. Equal Employment Opportunity Comm'n.,* No. Civ.A.SA04CA0391XR, 2004 WL 2359895 *2 (W.D. Tex. Oct. 19, 2004). The issue under the exemption 7(D) exemption is "not whether the requested document is of the type that the agency usually treats as confidential, but whether the particular source spoke with an understanding that the communication would remain confidential." *U.S. Dep't of Justice v. Landano,* 508 U.S. 165, 172, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). Such an understanding can arise either explicitly, through the government's assurances to the source, or implicitly, through the facts or circumstances surrounding the source's statement. *Id.* Here, the declarations, depositions, and witness statements were subject to the protective order as well as the other documents in your request.

Finally, the documents you seek are available to you through Federal Sector EEO Portal (FedSEP). For any further assistance and to discuss any aspect of your request, you have the right to contact the USACE FOIA Public Liaison at foia-liaison@usace.army.mil or by calling (202) 761-0511. Additionally, you have the right to contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at 1-877-684-6448; or facsimile at (202) 741-5769. Finally, if you are not satisfied with this response, you have the right to appeal my determination to the Secretary of the Army. In your appeal, you must state the basis for your disagreement with our response. Your appeal package should bear the notation "Freedom of Information Act Appeal" and should be emailed to foia@usace.army.mil or sent to me at the address depicted on the letterhead above. Your appeal must be postmarked or electronically transmitted within 90 days of the date of this response.

Sincerely,

GREEN.EMILY.EL Digitally signed by
IZABETH.114312 GREEN.EMILY.ELIZABETH.1
3355 143123355
Date: 2023.04.20 17:01:25 -04'00'

Emily Green
HECSA Counsel

**EXHIBIT 6**

Reba Abraham Pearce
705 Corrigan Drive
St. Augustine, FL 32092
(407) 765-1015
Reba.Abraham@gmail.com

May 28, 2023

*Sent Via E-Mail to* foia@usace.army.mil, Emily.E.Green@usace.army.mil

Emily Elizabeth Green
HECSA Counsel
Humphreys Engineer Center Support Activity
U.S. Army Corps of Engineers
Department of the Army
7701 Telegraph Road
Alexandra, Virginia 22315

RE:  Freedom of Information Act Appeal - FOIA nos. FP-23-014704 and FP-23-014909

Dear Ms. Green:

This is a timely appeal of the Agency's denial of two Freedom of Information Act ("FOIA") requests that I submitted to your office on about April 8, 2023.  The Agency must produce redacted versions of the requested documents pursuant to FOIA and/or the Privacy Act.[1]  I ask that it do so.

## PERTINENT BACKGROUND

The Jacksonville District of the U.S. Army Corps of Engineers ("USACE") terminated my employment on about December 7, 2020.  I filed a formal EEO Complaint on about December 10, 2020, alleging discrimination and retaliation.  I appealed my matter to the EEOC on about May 3, 2021.  *See Pearce v. U.S. Department of the Army*, EEOC No. 510-2021-00255X.

Upon the Agency's request, the Administrative Judge entered a protective order on September 19, 2022.  *See* Protective Order, dated September 19, 2022, attached as **Exhibit A**.  The Order only pertains to discovery and is limited in scope.[2]  *See* **Exhibit** A, paras. 1, 3, 5, & 9.  The Order permits the Agency to

---

[1] Pursuant to Department of Justice guidance, "Agencies should process an individuals' access requests for their own records maintained in system of records under both the Privacy Act and the FOIA, regardless of the statute(s) cited."  *See* https://www.justice.gov/opcl/overview-privacy-act-1974-2020-edition/access#:~:text=The%20Privacy%20Act%20and%20the%20FOIA%20are%20often%20read%20in,access%20government%20records%20about%20themselves.

[2] Paragraph 3 of the Order provides:

> Documents Which May Be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good-faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, financial information, trade secrets, investigative, personnel records, or such other sensitive government or commercial information that is not publicly available. Public records and other information or documents that are publicly

1

designate specified material as "confidential" but does not require the Agency to do so. *See* **Exhibit A**, paras. 3, 6, and 9(a). It applies to briefs containing confidential information and permits an agency to designate portions or an entire transcript as confidential. *See* **Exhibit A**, pp. 1 & 4. However, it exempts public records and permits the use of confidential information in subsequent federal litigation. *See* **Exhibit A**, para. 3.

In November of 2022, I deposed seven witnesses employed by the Agency and obtained transcripts of their testimony at my own expense. *See* Complainant's Second Amended Notice of Depositions, dated Nov. 11, 2022, attached as **Exhibit B**. The bulk of the deposition testimony concerns me. Nonetheless, following the depositions, Agency Counsel designated as "confidential" the entirety of the deposition testimony that I obtained and has since refused to narrow its designations to just those portions of the transcript properly designated confidential.

In January of 2023, I filed a motion for summary judgment. Apart from the attachments, the briefs and other filings on my motion contain little to no confidential information concerning others.

On April 8, 2023, I submitted two FOIA requests to Humphreys Engineer Center Support Activity (HECSA) of USACE. The Agency designated these requests FP-23-014704 and FP-23-014909. The first request pertains to my summary judgment motion and, in part, states:

> . . . . I am seeking the following:
>
> 1. Complainant's motion for summary judgment, filed January 2, 2023;
> 2. The Agency's response to Complainant's motion for summary judgment, filed January 24, 2023;
> 3. Complainant's reply to the Agency's response, filed February 1, 2023;
> 4. The Agency Correction of Exhibit 7 with corrected exhibit, filed February 8, 2023; and
> 5. Complainant's objection to the Symanski [Declaration], filed February 8, 2023.
>
> As to nos, 1-3, this request is made just for the briefs, not the exhibits to the briefs. For nos. 4-5, please include the attachments.

*See* FOIA Request for Filings, attached as **Exhibit C**. The second request sought the deposition transcripts. *see* FOIA Request for Transcripts, attached as **Exhibit D**. The requests reference FOIA, but the Agency should have processed the requests under both FOIA and the Privacy Act. *See* FN 1 of this appeal.

On about April 21, 2023, I received a letter indicating that you had "received and reviewed the requested information and [you were] withholding the documents in their entirety pursuant to the protective order in place for *Pearce v. Department of the Army*, EEOC No.510-2021-00255X . . . ." *See Denial Letter from Emily Green*, attached as **Exhibit E**. You wrote, "An agency has no discretion to release any record covered by an injunction, protective order, or court seal prohibiting disclosure, nor is it under any obligation under the FOIA to do so." *Id.* at 1. Further, you claim that FOIA exemptions 6 (unwarranted invasion of personal privacy) and 7 (information gathered for "law enforcement purposes"). *Id.* at 1-2. Finally, you indicate that "the documents [I] seek are available . . . through Federal Sector EEO Portal (FedSEP)."

---

available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

*See* **Exhibit A**, para. 3.

Your office has not made any discretionary disclosures pursuant to either FOIA or the Privacy Act. It has only provided the information pursuant to the confidentiality order. *See* Email from Catharine DeBelle, dated April 21, 2023, attached as **Exhibit F**.

ANALYSIS

I ask that the Agency re-consider its response to my FOIA requests. The Agency is required to produce responsive documents pursuant to FOIA and/or the Privacy Act for the following reasons:

First, I believe your office is mistaken as to the applicable law. The protective ordered, entered by the Administrative Judge in the pending EEOC matter does not enjoin the Agency from disclosing the requested information. This issue is directly addressed by the Department of Justice's FOIA Update, Vol. XIII, No. 3 (January 1, 1992)("FOIA Counselor: Questions & Answers"). This guidance states:

> **Can a "protective order" issued by an administrative law judge be a sufficient basis for withholding records under the FOIA?**
>
> No. Fundamentally, it is a federal agency's "control" over a record (and over its possible disclosure) that makes the record subject to the requirements of the FOIA. *See, e.g., Goland v. CIA*, 607 F.2d 339, 347 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980). Consistent with that, the Supreme Court held many years ago that where an agency is under a court order "barring disclosure . . . [of a record] . . . issued by a federal district court with jurisdiction to enter such a decree," the agency simply cannot comply with a FOIA request for that record; in the jurisdictional language of the Act, the record is not "improperly withheld." *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 384-87 (1980) (citing 5 U.S.C. § 552(a)(4)(B)); *see also* FOIA Update, Summer 1983, at 5. This basis for FOIA nondisclosure applies, as the D.C. Circuit recently emphasized, only where a court order actually "prohibits the agency from disclosing the records" in question. *Morgan v. United States Dep't of Justice*, 923 F.2d 195, 197 (D.C. Cir. 1991). By contrast, a "protective order" or any other "nondisclosure" order issued by an administrative law judge (ALJ) in a federal agency's administrative proceedings does not prohibit the agency from disclosing records under the FOIA. This is so because, fundamentally, the authority of an ALJ is subordinate to that of the agency and the exercise of that authority is ultimately subject to the agency's control. *See* 5 U.S.C. § 557(b) (specifying that ALJ action is subject to agency "review"); *see also, e.g., Greater Boston Television Corp. v. FCC*, 444 F.2d 841, 853 (D.C. Cir. 1970), cert. denied, 403 U.S. 923 (1971). Thus, even though the parties to an administrative proceeding might regard an ALJ's "protective order" as a basis for nondisclosure in the event of a FOIA request, it is not. *See, e.g., General Elec.Co. v. NRC*, 750 F.2d 1394, 1396, 1400 (7th Cir. 1984) (finding administrative protective order "irrelevant" under FOIA despite parties' belief otherwise); *accord Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1461 n.7 (D.C. Cir. 1984) (refusing to accept "not improperly withheld" defense where entity issuing order lacked authority to "bind" agency).

*See* https://www.justice.gov/oip/blog/foia-update-foia-counselor-questions-answers-4. The case cited in your letter, *GTE Sylvania*, is addressed in the above analysis.

Second, Exemption 6 does not apply to permit the Agency to wholesale withhold the requested documents. The information that I am seeking primarily concerns me, not others. Further, the Agency cannot demonstrate that the witnesses' individual privacy interests outweigh the public interest in disclosing their

3

testimony. In support of my position, I ask that you consider *Fortson v. Harvey*, 407 F. Supp. 2d 13, 16 (D.D.C. 2005). Part C of the Analysis section of this opinion addresses whether the Army may withhold, under Exemption 6, witness statements compiled during the investigation of an equal opportunity complaint. The Court explained:

> . . . [T]he government may only invoke exemption 6 when the privacy interest at stake outweighs the public interest in disclosure. *Billington v. U.S. Dep't of Justice*, 245 F.Supp.2d 79, 85 (D.D.C.2003). In the final analysis, however, our Circuit Court instructs to "tilt the balance (of disclosure interests against privacy interests) in favor of disclosure." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 690 F.2d 252, 261 (D.C.Cir.1982).
>
> In this case, the Army has not demonstrated that the witnesses' individual privacy interests outweigh the public interest in disclosing the information. The witnesses' privacy interest in their statements is minimal, particularly when the government has already released the names of those persons who gave statements to Colonel Vowell during the investigation of the plaintiff's EO complaint. *See* Pl.'s Surreply, p. 2. The potential harm in disclosing the statements advanced by the Army (e.g., unfavorable personnel evaluations and work place harassment) is pure speculation and therefore an insufficient basis for withholding the statements. *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 380 n. 19, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) ("The legislative history is clear that Exemption 6 was directed at threats to privacy interests more palpable than mere possibilities."); *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391 (D.C.Cir.1987) (stating that "[w]ithholding information to prevent speculative harm" is contrary to FOIA's pro-disclosure policy). **Moreover, witness statements made during a discrimination investigation are not the type of information that exemption 6 is designed to protect.** *See Sims v. C.I.A.*, 642 F.2d 562, 574 (D.C.Cir.1980) (stating that exemption 6 was meant to protect personal information and not business-related information and that personal embarrassment was not a sufficient reason to withhold the information). Accordingly, the Court finds that the Army has not demonstrated that the witness statements were properly withheld pursuant to exemption 6.

*See Fortson v. Harvey*, 407 F. Supp. 2d 13, 17–18 (D.D.C. 2005)(emphasis added).

Additionally, the fourth and fifth filings that I requested (i.e. the Agency Correction of Exhibit 7 and my objection to the same) do not contain *any* discovery protected by the confidentiality order or materially concern anyone other than myself.

Third, Exemption 7(c) also does not apply to permit the Agency to withhold the requested documents. Here, the Agency did not obtain the statements at issue pursuant to any confidential investigation that it performed. Rather, I, a private party, conducted and paid for the depositions and resulting transcripts as part of discovery in litigation against the Agency.

Finally, the Agency's disclosure of the responsive information pursuant to the protective order does not constitute a proper disclosure under FOIA or the Privacy Act. To my knowledge, there is no provision in either law which permits disclosure subject to any protective order. *See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004)(" There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination."). Also, that I could otherwise obtain documents through the EEO Portal is irrelevant to the Agency's obligation to produce the requested documents.

4

CONCLUSION

For the foregoing reasons and based on the supporting documents provided with this appeal, the Agency must produce documents responsive to FOIA numbers FP-23-014704 and FP-23-014909 pursuant to FOIA and/or the Privacy Act.

Thank you for your consideration of this matter. As the requested documents reflect, I have been viciously smeared by my own government, without cause, both inside and outside of the litigation at issue. The smear bears on my ability to practice law and, even, my fitness as a parent. It has already cost me my federal career and damaged my federal service record. I require the information relevant to what has happened in a disclosable form to, as needed, protect my interests in the future.

Respectfully,

/s/ Reba Abraham Pearce
Reba Abraham Pearce, Esq.

Reba.Abraham@gmail.com

Enclosures:

Exhibit A: Protective Order, dated September 19, 2022

Exhibit B: Complainant's Second Amended Notice of Depositions, dated Nov. 11, 2022

Exhibit C: FOIA Request for Filings

Exhibit D: FOIA Request for Transcripts

Exhibit E: Denial Letter from Emily Green

Exhibit F: Email from Catharine Debelle, dated April 21, 2023

5

**EXHIBIT 7**



**DEPARTMENT OF THE ARMY**
U.S. ARMY CORPS OF ENGINEERS
441 G STREET, NW
WASHINGTON DC 20314-1000

February 6, 2024

Ms. Reba Abraham Pearce
705 Corrigan Drive
St. Augustine, FL 32092

Dear Ms. Pearce:

On April 8, 2023, you submitted a Freedom of Information Act ("FOIA") request to the Humphreys Engineer Center Support Activity ("HECSA") seeking documents from your EEOC discrimination and retaliation lawsuit against the Corps.[1] Your request asks for several witness depositions, as well as the motion, response, and reply interwoven with those transcripts. All responsive records here remain subject to a Protective Order ("Protective Order") of the sitting Administrative Law Judge ("ALJ").

Unlike the general public, you have access to all requested documents through the Federal Sector EEO Portal website. As a courtesy, the Corps on April 21, 2023, provided you the requested documents with a reminder that they remain subject to the Protective Order. Accordingly, upon receiving both FOIA requests, HECSA redacted the records in full pursuant to Exemptions 6, 7(C), and 7(D). Having carefully reviewed your appeal of that determination, I agree with HECSA's redactions.[2]

As an initial matter, HECSA broadly argues that the Protective Order alone shields these documents from disclosure under FOIA. I disagree. ALJ protective orders cannot undermine an agency's statutory obligation to disclose documents within the agency's control that do not qualify for a FOIA exemption.[3] The Protective Order and its

---

[1] In your first request, you seek (1) the motion for summary judgment (filed January 2, 2023); (2) the agency's response to the motion for summary judgment (filed January 24, 2023); (3) your reply to the response (filed February 8, 2023); (4) the agency's correction of Exhibit 7 (filed February 8, 2023); and (5) your objection to a Declaration (filed February 8, 2023). In your second request, you seek the deposition transcripts from several deponents in the adjudication.

[2] The FOIA permits an agency to withhold requested records if (1) the information qualifies for a FOIA exemption; and (2) the agency reasonably foresees that disclosing the withheld information would harm an interest protected by an exemption. 5 U.S.C. § 552(a)(8)(A). Further, because this is an appellate review of a FOIA redaction determination, I do not address any of the Privacy Act concerns in the foregoing analysis.

[3] DOJ Office of Information Policy, FOIA Update: FOIA Counselor: Questions & Answers (January 1, 1991) ("[A] 'protective order' or any other 'nondisclosure' order issued by an [ALJ] in a federal agency's administrative proceedings does not prohibit the agency from disclosing records under the FOIA."); NARA v. Favish, 124 S. Ct. 1570, 1581 (2004) ("There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination."); General Elec. Co. v. U.S. Nuclear Regulatory Com'n, 50 F.2d 1394 (7th Cir. 1984) (Posner, J.) ("[FOIA] would have little bite if government agencies could escape its provisions just by stamping documents 'classified.'").

-2-

assurance of confidentiality may, however, affect whether certain documents qualify for relevant exemptions. For the reasons stated below, I find that all responsive records qualify for protection under FOIA Exemptions 6, 7(C), and 7(D).

The responsive records qualify for withholding under Exemption 6. This exemption prohibits disclosure of information in "personnel and medical files and similar files the disclosure of which could constitute a clearly unwarranted invasion of personal privacy."[4] The information contained in the responsive records constitute "similar file[s]" because it broadly applies to particular individuals — in this specific context, your co-workers.[5] This analysis hinges on whether the privacy interests in the information contained in the documents outweigh the public's interest in knowing that information and thereby constitutes a "clearly unwarranted invasion of personal privacy."[6]

Here, the requested documents are intertwined with the addresses, personnel actions, medical information, and other personally identifying information of witnesses involved in your litigation. Those witnesses certainly have more than a de minimis privacy interest in their identities and personal information being associated with the investigation and adjudication of a discrimination lawsuit. By its very nature, the ALJ's Protective Order reflects the sensitivity of the information contained in the responsive records. Thus, the witnesses' privacy interest in this information — protected by the ALJ's Protective Order — strongly outweighs the public's interest[7] in learning more about the underlying personnel action.[8] Release would therefore constitute a clearly unwarranted invasion of personal privacy.[9]

The responsive records also qualify for withholding under Exemption 7(C). Exemption 7(C) prohibits disclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production of such . . . information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."[10] Here, the parties compiled witness statements and other information to

---

[4] 5 U.S.C. § 552(b)(6).

[5] U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 600–02 (1982).

[6] Washington Post Co. v. U.S. Dep't of Health & Human Servs., 690 F.2d 252, 261 (D.C. Cir. 1982).

[7] The Supreme Court has narrowly defined the "public interest" in FOIA cases, as "the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government." U.S. Dep't of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 495 (1994) (cleaned up).

[8] U.S. Dept. of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 773 (1989) ("Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various government files but that reveals little or nothing about an agency's own conduct.").

[9] Nat'l Ass'n of Retired Fed. Emps. v. Horner, 879 F.2d 873, 874 (D.C. Cir. 1989); Wadhwa v. Sec'y U.S. Dep't of Veterans Affairs, 707 F. App'x 61, 64 (3d Cir. 2017) (unpublished) (upholding Exemption Six redactions of "names, phone numbers, email addresses, and other identifying information concerning individuals, including complainants and witnesses, who were involved in adjudications of discrimination complaints"). But see Fortson v. Harvey, 407 F. Supp. 2d 13, 17–18 (D.D.C. 2005) ("[W]itness statements made during a discrimination investigation are not the type of information that exemption 6 is designed to protect.")

[10] 5 U.S.C. § 552(7)(C).

-2-

adjudicate your claims of discrimination and retaliation. The reason for compiling this information qualifies as a "law enforcement purpose" because discrimination and retaliation are inherently unlawful, and your adjudication purports to rectify the alleged unlawful behavior.[11] For the reasons stated above, the substantial privacy interests of the witnesses involved outweigh the public's interest in disclosure.[12] Therefore, release would create an unwarranted invasion of personal privacy.[13]

Lastly, the requested documents qualify for protection under Exemption 7(D). Exemption 7(D) protects "records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source . . . which furnished information on a confidential basis . . . ."[14] The critical question under Exemption 7(D) is "not whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential."[15] Here, all witnesses participated in this lawsuit, in part, because the Protective Order assured that their statements and identities would remain confidential. Facing virtually the same facts, the Western District of Texas stated:

> [W]hile not determinative, the release of the identity and statements of the witnesses would undoubtedly hamper the ability of the EEOC to investigate valid claims of discrimination in the future. The Court finds, therefore, that there was an implied confidentiality agreement between the witnesses and the EEOC.[16]

The District Court therefore upheld the withholding of their statements and identities under Exemption 7(D). The context at hand calls for the same analysis and result.

For these reasons, the responsive records qualify for withholding under Exemptions 6, 7(C), and 7(D). Further, HECSA properly withheld these documents in their entirety because "the nonexempt portions . . . are inextricably intertwined with exempt portions."[17] Put differently, the underlying evidence (mainly witness statements)

---

[11] Ford v. West, 1998 WL 317561, at *2 (10th Cir. June 12, 1998).

[12] Sakamoto v. EPA, 443 F. Supp. 2d 1182, 1197 (N.D. Cal. 2006) (finding no public interest in disclosure of documents sought for use in plaintiff's employment discrimination case); Massey v. FBI, 3 F.3d 620, 625 (2d Cir. 1993) ("[The] mere possibility that information may aid an individual in the pursuit of litigation does not give rise to a public interest."). But see United Am. Fin., Inc. v. Potter, 667 F. Supp. 2d 49, 60 (D.D.C. 2009) (holding that "the potential use of [the responsive records] in a potential civil suit does constitute a recognized public interest under Exemption 7(C)").

[13] While the agency could in theory merely delete the witnesses' names, the Tenth Circuit held in a similar case that: "Merely deleting the name from the statement would not insure against identification, since the employee's narrative, or part of it, may be such that the employer could identify the employee involved, or could narrow the group down to two or three." Alirez v. NLRB, 676 F.2d 423, 427 (10th Cir. 1982) (finding that documents fell within Exemption 7(C)). The same analysis applies here.

[14] 5 U.S.C. § 552(b)(7)(D).

[15] U.S. Dep't of Justice v. Landano, 508 U.S. 165, 172 (1993).

[16] Martinez v. E.E.O.C., 2004 WL 2359895, at *5 (W.D. Tex. Oct. 19, 2004) (collecting similar cases).

[17] Mead Data Central, Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977); Hornbostel v. U.S. Dep't of Interior, 305 F.Supp.2d 21, 34 (D.D.C. 2003).

-2-

— qualified above as exempt — pervades every aspect of your lawsuit and, thus, the documents that comprise the lawsuit. They should be withheld in full.

This letter constitutes final action on behalf of the USACE Office of the Chief Counsel, which has been delegated responsibility to consider USACE appeals under the FOIA by the Army General Counsel. You may seek judicial review of this determination in the federal court system in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B).  Please contact Vinai Vinlander at Vinai.C.Vinlander@usace.army.mil if you have questions about this determination.

Sincerely,

COOPER.DAVID.R.1295877355
Digitally signed by COOPER.DAVID.R.1295877355
Date: 2024.02.06 13:09:20 -05'00'

David R. Cooper
Chief Counsel

**EXHIBIT 8**

 Gmail

**Reba Abraham <reba.abraham@gmail.com>**

## Courtesy Copies of litigation files from EEOC No.510-2021-00255X

**Debelle, Catharine S CIV USARMY CEHEC (USA)** <Catharine.S.Debelle@usace.army.mil>       Fri, Apr 21, 2023 at 10:07 AM

To: Reba Abraham <reba.abraham@gmail.com>
Cc: "Green, Emily E CIV USARMY CEHEC (USA)" <Emily.E.Green@usace.army.mil>, "Taylor, Tracey Z CIV USARMY CEHEC (USA)" <Tracey.Z.Taylor@usace.army.mil>

Good Afternoon,

As a professional courtesy, we are providing you second copies of some of the litigation files from your EEOC case: EEOC No.510-2021-00255X. Due to their size I will send them via DoD SAFE with passphrase: RebaPearce. Please note these files are still under the attached protective order.

Thank you,

Catharine Debelle

Assistant Center Counsel

U.S. Army Corps of Engineers

Humphreys Engineer Support Activity

7701 Telegraph Road

Alexandria, VA 22315

703-428-6479 (office)

703-472-2641 (mobile)

703-428-7221 (fax)

Catharine.Debelle@usace.army.mil

THIS IS A PRIVILEGED COMMUNICATION -ATTORNEY-CLIENT/ATTORNEY WORK-PRODUCT. DO NOT RELEASE UNDER FOIA. DO NOT COPY. DO NOT FORWARD. NEVER FORWARD OUTSIDE THE CORPS WITHOUT SPECIFIC AUTHORIZATION.

NOTICE: This email and any attachments constitute non-public information and may contain legally privileged and confidential information intended solely for the use of the addressee(s). If you are not the intended recipient, any reading, dissemination, distribution, copying or other use of this email, including attachments, is prohibited and may be unlawful. If you have received this message in error, please delete it, including all copies and backups, and notify me immediately by telephone at (703) 428-6479 or by email at Catharine.Debelle@usace.army.mil.

📄 **2022.09.19_Protective Order 091922.pdf**
279K

**EXHIBIT 9**

2/10/24, 10:56 PM                                     Gmail - Following up on FOIA

 **Gmail**                                        **Reba Abraham <reba.abraham@gmail.com>**

## Following up on FOIA

**FOSTER, STEVEN M CPT USARMY CEHQ (USA)** <Steven.Foster@usace.army.mil>          Wed, Feb 7, 2024 at 4:34 PM
To: Reba Abraham <reba.abraham@gmail.com>
Cc: "Debelle, Catharine S CIV USARMY CEHEC (USA)" <Catharine.S.Debelle@usace.army.mil>, "Vinlander, Vinai C CIV USARMY CEHQ (USA)" <Vinai.C.Vinlander@usace.army.mil>, "Taylor, Tracey Z CIV USARMY CEHEC (USA)" <Tracey.Z.Taylor@usace.army.mil>

Ms. Pearce,

Thank you for contacting our office. I'm responding on Vinai's behalf because he is on extended leave. After careful consideration of your email, we found that Mr. Cooper's letter addresses all issues raised in your correspondence. If you disagree, you may seek judicial review in accordance with the letter's last paragraph.

Steven Foster

CPT, JA

Assistant Counsel for Legislation, Fiscal, and General Law

U.S. Army Corps of Engineers

(202) 740-3743

**From:** Reba Abraham <reba.abraham@gmail.com>
**Sent:** Tuesday, February 6, 2024 11:45 PM
**To:** FOSTER, STEVEN M CPT USARMY CEHQ (USA) <Steven.Foster@usace.army.mil>
**Cc:** Debelle, Catharine S CIV USARMY CEHEC (USA) <Catharine.S.Debelle@usace.army.mil>; Vinlander, Vinai C CIV USARMY CEHQ (USA) <Vinai.C.Vinlander@usace.army.mil>; Taylor, Tracey Z CIV USARMY CEHEC (USA) <Tracey.Z.Taylor@usace.army.mil>
**Subject:** Re: [Non-DoD Source] Following up on FOIA

Guys,

Let's cut to the chase: I expressly addressed both the FOIA and the Privacy Act in my administrative appeal. Like the material the Agency previously provided to me as part of the Report on Investigation, I am entitled to the requested material (including witness statements) per the Privacy Act and to properly redacted versions of the requested material per FOIA.

I see that the Agency has taken great pains to characterize its wholesale withholding of the requested documents as a "redaction determination" (end of footnote 2) for the express purpose of circumventing the

requirements of the Privacy Act.  Cute. I take it that the Agency is well aware that it must disclose the requested documents per the Privacy Act, as it did with the statements in the ROI, and is deliberately choosing to violate the clear  requirements of the Privacy Act.

You should expect better.  I do.

RAP

On Tue, Feb 6, 2024, 4:56 PM Reba Abraham <reba.abraham@gmail.com> wrote:

Vinai:

David Copper's FOIA Appeal denial letter, listing you as the POC, references the provision of redacted documents.  To the best of my knowledge and, as reflected in my appeal, those were never provided.

Please send them immediately for my review.

Reba Abraham Pearce

On Tue, Feb 6, 2024, 2:17 PM FOSTER, STEVEN M CPT USARMY CEHQ (USA) <Steven.Foster@usace.army.mil> wrote:

Ms. Pearce,

Please see attached for a letter explaining the outcome of your FOIA appeal. Thank you for your patience.

Steven Foster

CPT, JA

Assistant Counsel for Legislation, Fiscal, and General Law

U.S. Army Corps of Engineers

(202) 740-3743

From: Reba Abraham <reba.abraham@gmail.com>
Sent: Wednesday, January 31, 2024 8:46 AM
To: FOSTER, STEVEN M CPT USARMY CEHQ (USA) <Steven.Foster@usace.army.mil>
Cc: Debelle, Catharine S CIV USARMY CEHEC (USA) <Catharine.S.Debelle@usace.army.mil>
Subject: Re: [Non-DoD Source] Following up on FOIA